IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| CHERRY HILL CONSTRUCTION, INC.<br>8211 Washington Boulevard<br>Jessup, Maryland 20794<br><br>Plaintiff,<br><br>v.<br><br>GRUNLEY-WALSH JOINT<br>VENTURES, LLC, *et al.*<br>5010 Nicholson Lane, Suite 200<br>Rockville, MD 20852<br><br>Defendants. | *<br>*<br>*<br>*<br>*   CASE NO. AW 07 CV 3476<br>*<br>*<br>*<br>*<br>* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446 and Rule 103 (5) of the Rules of the United States District Court for the District of Maryland, Defendants, Grunley-Walsh, LLC ("Grunley-Walsh") (previously Grunley-Walsh Joint Ventures, LLC), St. Paul Fire and Marine Insurance Company ("St. Paul"), and The Continental Insurance Company ("Continental") jointly files this Notice of Removal of the Complaint filed by Plaintiff Cherry Hill Construction, Inc. ("Cherry Hill") and in support states the following:

### STATEMENT OF THE GROUNDS FOR REMOVAL

1.      Plaintiff Cherry Hill is a construction company organized under the laws of the State of Maryland, with a principal place of business at 8211 Washington Blvd., Jessup, MD 20794.

2. Defendant Grunley-Walsh is a limited liability company organized under the laws of the State of Maryland, with its principal place of business located at 5010 Nicholson Lane, Suite 200, Rockville, MD 20852.

3. Defendant, St. Paul is a surety company organized under the laws of the State of Minnesota, with its principal place of business located at 380 Jackson Street, No. 700, St. Paul, Minnesota 55101.

4. Defendant Continental is a surety company organized under the laws of the State of Illinois, with its principal place of the business located at 333 S. Wabash, Chicago, Illinois 60685.

5. On May 6, 1998, the United States, acting by and through the Department of the Interior – National Park Service, awarded Grunley-Walsh an Indefinite Quantity Contract (Contract No. 1443CX305998901) (the "Contract") to stabilize and preserve the Washington Monument (the "Project").

6. In accordance with the Contract, on December 5, 2003, Grunley-Walsh was issued Task Order No. T3059989135 ("Task Order No. 35"). Pursuant to Task Order No. 35, Grunley-Walsh was to construct and install an above ground security barrier system at the Washington Monument.

7. On or about March 4, 2004, Grunley-Walsh entered into a subcontract with Cherry Hill to perform various construction work, including site work, site survey work, concrete work, and bollard installation work, on the Project (the "Subcontract"). A copy of the Subcontract is attached to Cherry Hill's Complaint as Exhibit B. A copy of Cherry Hill's Complaint along with the Summons received by the Defendants is attached

hereto as **Exhibit 1**. The documents in Exhibit 1 are the only documents served upon the defendants in the state court action.

8. Pursuant to 40 U.S.C. § 3131 (the "Miller Act"), Grunely-Walsh was required to provide a payment bond for the protection of all persons supplying labor and materials to the Project, in accordance with the terms of the Miller Act. Accordingly, Grunley-Walsh, together with St. Paul and Continental, as sureties, furnished a payment bond for the project, Bond No. 400SU1001/929310622 (the "Miller Act Bond"). A copy of the bond is attached to Cherry Hill's Complaint as Exhibit A.

9. On page two of the Miller Act Bond, the following is stated under the instructions section of the bond: "This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C. 270a-270c)." This instruction specifically refers to the Miller Act which was previously codified under 40 U.S.C. 270a-270c and has now been recodified in 40 U.S.C. § 3131. As such, the Bond specifically identifies itself as a Miller Act bond.

10. On November 27, 2007, Cherry Hill filed a Complaint against Grunley-Walsh, St. Paul, and Continental alleging breach of contract (Count I) against Grunley-Walsh, quantum meruit (Count II) against Grunley-Walsh, unjust enrichment (Count III) against Grunley-Walsh, and breach of payment bond (Count IV) against Grunley-Walsh, St. Paul, and Continental and seeking $1,351,098 in damages. See **Exhibit 1**.

11. The payment bond count in the Complaint is brought pursuant to and under the Miller Act Bond provided by Grunley-Walsh, St. Paul and Continental. See Cherry Hill's Complaint at ¶ 6 and Exhibit A.

12. A subcontractor, such as Cherry Hill, is permitted to bring a civil suit under the Miller Act pursuant to 40 U.S.C. § 3133. Such a suit, however, "must be brought – (A) in the name of the United States for the use of the person bringing the action; and (B) <u>in the United States District Court in which the contract was to be performed and executed</u>, regardless of the amount in controversy." 40 U.S.C. § 3133 (3) (underline added); *United States v. F.A.S. Development Co., Inc.*, 304 F. Supp.2d 1359, 1363 (N.D. Ga. 2004) (stating "federal district courts have exclusive jurisdiction over Miller Act claims). Cherry Hill's Miller Act payment bond claim cannot be adjudicated in a Maryland state court. Furthermore, the construction work under the Subcontract was performed in the District of Columbia on the Washington Monument grounds. As such, the only proper venue for Cherry Hill's Miller Act bond claim is in the United States District Court for the District of Columbia.

13. Under 28 U.S.C. § 1441 (a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Here, because Cherry Hill brought suit in the Circuit Court for Montgomery County, Maryland, this case must first be removed to the United States District Court for the District of Maryland and then transferred to the United States District Court for the District of Columbia through a Motion to Transfer. The Defendants intend to file a Motion to Transfer the case to the United States District Court for the District of Columbia following the filing of this Motion.

14. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Cherry Hill's Miller Act payment bond suit is a civil action arising under the laws of the United States. Under 28 U.S.C. § 1441 (b), "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." As the federal courts have exclusive jurisdiction over Cherry Hill's Miller Act payment bond claim, this case must be removed for adjudication of that claim.

15. Under 28 U.S.C. § 1441 (c), "[w]henver a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or in its discretion, may remand all matters in which State law predominates." Thus, Cherry Hill's Complaint in its entirety should be removed to federal court, including its state law claims for breach of contract, quantum meruit, and unjust enrichment.

16. The federal court should not remand the State law claims because the state law claims involve the same case or controversy as Cherry Hill's Miller Act payment bond claim. 28 U.S.C. § 1367 ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form party of the same case or controversy"). Because all of Cherry Hill's claims relate to the same Subcontract, the same work, and the same witnesses and documents,

with the only variation being the theory of recovery, all of Cherry Hill's claims brought in its Complaint involve the same case or controversy. Thus, under 28 U.S.C. § 1367, the federal court should adjudicate Cherry Hill's state law claims under the Court's supplemental jurisdiction. *Miller Equipment Co. v. Colonial Steel and Iron Co.*, 383 F.2d 669, 674 (4th Cir. 1967) (finding the contractor's breach of contract claims turned on the same proof of its Miller Act claim and the doctrine of pendent jurisdiction would permit the breach of contract case to proceed in federal court).

## CONCLUSION

Based on the foregoing, Cherry Hill's Complaint should be removed to the United States District Court for the District of Maryland (and transferred thereafter to the United States District Court for the District of Columbia pursuant to a Motion to Transfer that will be filed by Defendants).

Respectfully submitted,

*/s/ Nicole Lefcourt Campbell*

Nicole Lefcourt Campbell
Federal Bar No. 14336
Huddles Jones Sorteberg & Dachille, P.C.
10211 Wincopin Circle, Suite 200
Columbia, Maryland 21044
(301) 621-4120 (Telephone)
(301) 621-4473 (Facsimile)
campbell@hjpc.com

Attorneys for Defendants,
Grunley-Walsh, LLC (formerly known as
Grunley-Walsh Joint Venture, LLC),
St. Paul Fire and Marine Insurance Company and
The Continental Insurance Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of December, 2007, a copy of the foregoing Notice of Removal was mailed, postage prepaid, to:

>Joseph C. Kovars, Esquire
>Jay Bernstein, Esquire
>Ober, Kaler, Grimes & Shirver
>A Professional Corporation
>120 E. Baltimore Street
>Baltimore, MD  21202-1643
>(410) 685-1120 (Phone)
>(410) 547-0699 (Facsimile)

_____
Nicole Lefcourt Campbell

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

AW 07 CV 3476

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Cherry Hill Construction, Inc.
8211 Washington Boulevard, Jessup, MD 20794

## DEFENDANTS
Grunley-Walsh Joint Ventures, LLC, et al.
5010 Nicholson Lane, Suite 200, Rockville, MD 20853

(b) County of Residence of First Listed Plaintiff: **Howard**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Montgomery**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Joseph Kovars, Ober, Kaler, Grimes & Shriver, 120 E. Baltimore Street, Baltimore, MD 21202 (410) 685-1120

Attorneys (If Known)
Nicole L. Campbell, Huddles Jones Sorteberg & Dachille, P.C., 10211 Wincopin Cir., Ste 200, Columbia, MD 21044 (301)621-4120

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☒ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
40 U.S.C. 3131, 3133

Brief description of cause:
A Miller Act payment bond suit and breach of contract on federal construction project.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1,351,098
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____
DOCKET NUMBER _____

DATE: 12/28/07
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**Defendants Continued**

St. Paul Fire and Marine Insurance Company
380 Jackson Street, No. 700
St. Paul, Minnesota 55101

The Continental insurance Company
CAN Plaza
333 S. Wabash
Chicago, Illinois 60685

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.