IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| **CHERRY HILL CONSTRUCTION, INC.** * | |
| **Plaintiff,** * | |
| v. * | CASE NO. 8:07-cv-3476-AW |
| | Judge Alexander Williams, Jr. |
| **GRUNLEY-WALSH JOINT** * | |
| **VENTURES, LLC,** *et al.* | |
| * | |
| **Defendants.** | |
| * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION FOR CHANGE OF VENUE

Pursuant to 28 U.S.C. §§ 1391, 1404 and 1406, Defendants, Grunley-Walsh, LLC ("Grunley-Walsh") (previously Grunley-Walsh Joint Ventures, LLC), St. Paul Fire and Marine Insurance Company ("St. Paul"), and The Continental Insurance Company ("Continental") jointly files this Motion for Change of Venue of the case filed by Plaintiff Cherry Hill Construction, Inc. ("Cherry Hill") and in support states the following:

1.  On November 27, 2007, Cherry Hill filed a Complaint against Grunley-Walsh, St. Paul, and Continental alleging breach of contract (Count I) against Grunley-Walsh, quantum meruit (Count II) against Grunley-Walsh, unjust enrichment (Count III) against Grunley-Walsh, and breach of payment bond (Count IV) against Grunley-Walsh, St. Paul, and Continental and seeking $1,351,098 in damages.

2.  Pursuant to the Miller Act, 40 U.S.C. § 3133, Cherry Hill's action based on the payment bond must be brought <u>in the United States District Court in which the contract was to be performed and executed</u>.

3. The construction work was performed in the District of Columbia on the Washington Monument grounds.

4. As such, the only proper venue for Cherry Hill's Miller Act bond claim is in the United States District Court for the District of Columbia.

5. Also, pursuant to 28 U.S.C. § 1441 (a), 28 U.S.C. § 1441 (c) and 28 U.S.C. § 1367, Cherry Hill's Complaint in its entirety should be transferred to the United States District Court for the District of Columbia, including its state law claims for breach of contract, quantum meruit, and unjust enrichment.

6. Based on the foregoing and the Points and Authorities set forth in the attached Memorandum in Support of Motion for Change of Venue, this Court should transfer the case filed by Plaintiff Cherry Hill Construction, Inc. to the United States District Court for the District of Columbia.

**WHEREFORE** Defendants, Grunley-Walsh, LLC (previously Grunley-Walsh Joint Ventures, LLC), St. Paul Fire and Marine Insurance Company, and The Continental Insurance Company, respectfully request this Court grant their Motion for Change of Venue and that the Court Order the case filed by Plaintiff Cherry Hill Construction, Inc. be transferred to the United States District Court for the District of Columbia.

Respectfully submitted,

/s/ Nicole L. Campbell
Nicole Lefcourt Campbell
Federal Bar No. 14336
Huddles Jones Sorteberg & Dachille, P.C.
10211 Wincopin Circle, Suite 200
Columbia, Maryland 21044
(301) 621-4120 (Telephone)
(301) 621-4473 (Facsimile)
campbell@hjpc.com

Attorneys for Defendants,
Grunley-Walsh, LLC (formerly known as
Grunley-Walsh Joint Venture, LLC),
St. Paul Fire and Marine Insurance Company and
The Continental Insurance Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of January, 2008, a copy of the foregoing Motion for Change of Venue and Memorandum in Support was mailed, postage prepaid, to:

Joseph C. Kovars, Esquire
Jay Bernstein, Esquire
Ober, Kaler, Grimes & Shriver
A Professional Corporation
120 E. Baltimore Street
Baltimore, MD 21202-1643
(410) 685-1120 (Phone)
(410) 547-0699 (Facsimile)

/s/ Nicole L. Campbell
Nicole Lefcourt Campbell

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| **CHERRY HILL CONSTRUCTION, INC.** | * |
| **Plaintiff,** | * |
| v. | * CASE NO. 8:07-cv-3476-AW |
| | Judge Alexander Williams, Jr. |
| **GRUNLEY-WALSH JOINT VENTURES, LLC,** *et al.* | * |
| | * |
| **Defendants.** | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION FOR CHANGE OF VENUE

Pursuant to 28 U.S.C. §§ 1391, 1404 and 1406, Defendants, Grunley-Walsh, LLC ("Grunley-Walsh") (previously Grunley-Walsh Joint Ventures, LLC), St. Paul Fire and Marine Insurance Company ("St. Paul"), and The Continental Insurance Company ("Continental") jointly files this Memorandum in Support of Motion for Change of Venue of the case filed by Plaintiff Cherry Hill Construction, Inc. ("Cherry Hill") and in support states the following:

### FACTUAL BACKGROUND

**A. THE PARTIES AND THE CONSTRUCTION PROJECT AND THE MILLER ACT BOND**

Plaintiff Cherry Hill is a construction company organized under the laws of the State of Maryland, with a principal place of business at 8211 Washington Blvd., Jessup, MD 20794. Defendant Grunley-Walsh is a limited liability company organized under the laws of the State of Maryland, with its principal place of business located at 5010 Nicholson Lane, Suite 200, Rockville, MD 20852. Defendant, St. Paul is a surety company organized under the laws of the State of Minnesota, with its principal place of

1

business located at 380 Jackson Street, No. 700, St. Paul, Minnesota 55101. Defendant Continental is a surety company organized under the laws of the State of Illinois, with its principal place of the business located at 333 S. Wabash, Chicago, Illinois 60685.

On May 6, 1998, the United States, acting by and through the Department of the Interior – National Park Service, awarded Grunley-Walsh an Indefinite Quantity Contract (Contract No. 1443CX305998901) (the "Contract") to stabilize and preserve the Washington Monument (the "Project"). In accordance with the Contract, on December 5, 2003, Grunley-Walsh was issued Task Order No. T3059989135 ("Task Order No. 35"). Pursuant to Task Order No. 35, Grunley-Walsh was to construct and install an above ground security barrier system at the Washington Monument.

On or about March 4, 2004, Grunley-Walsh entered into a subcontract with Cherry Hill to perform various construction work, including site work, site survey work, concrete work, and bollard installation work, on the Project (the "Subcontract"). A copy of the Subcontract is attached to Cherry Hill's Complaint as Exhibit B. A copy of Cherry Hill's Complaint along with the Summons received by the Defendants is attached to Grunley-Walsh's Notice of Removal, previously filed with this Court, as **Exhibit 1**.

Pursuant to 40 U.S.C. § 3131 (the "Miller Act"), Grunely-Walsh was required to provide a payment bond for the protection of all persons supplying labor and materials to the Project, in accordance with the terms of the Miller Act. Accordingly, Grunley-Walsh, together with St. Paul and Continental, as sureties, furnished a payment bond for the project, Bond No. 400SU1001/929310622 (the "Miller Act Bond"). A copy of the bond is attached to Cherry Hill's Complaint as Exhibit A.

On page two of the Miller Act Bond, the following is stated under the instructions section of the bond: "This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C. 270a-270c)." This instruction specifically refers to the Miller Act which was previously codified under 40 U.S.C. 270a-270c and has now been recodified in 40 U.S.C. § 3131. As such, the Bond specifically identifies itself as a Miller Act bond.

**B.     THE COMPLAINT**

On November 27, 2007, Cherry Hill filed a Complaint against Grunley-Walsh, St. Paul, and Continental alleging breach of contract (Count I) against Grunley-Walsh, quantum meruit (Count II) against Grunley-Walsh, unjust enrichment (Count III) against Grunley-Walsh, and breach of payment bond (Count IV) against Grunley-Walsh, St. Paul, and Continental and seeking $1,351,098 in damages. See Cherry Hill's Complaint. The payment bond count in the Complaint is brought pursuant to and under the Miller Act Bond provided by Grunley-Walsh, St. Paul and Continental. See Cherry Hill's Complaint at ¶ 6 and Exhibit A.

## ARGUMENT

A subcontractor, such as Cherry Hill, is permitted to bring a civil suit under the Miller Act pursuant to 40 U.S.C. § 3133. Such a suit, however, "must be brought – (A) in the name of the United States for the use of the person bringing the action; and (B) <u>in the United States District Court in which the contract was to be performed and executed</u>, regardless of the amount in controversy." 40 U.S.C. § 3133 (3) (underline added); *United States v. F.A.S. Development Co., Inc.*, 304 F. Supp.2d 1359, 1363 (N.D. Ga. 2004) (stating "federal district courts have exclusive jurisdiction over Miller Act claims).

3

Cherry Hill's Miller Act payment bond claim cannot be adjudicated in a Maryland state court, which is why Grunley-Walsh filed a Notice of Removal to this Court. Furthermore, the construction work under the Subcontract was performed in the District of Columbia on the Washington Monument grounds. As such, the only proper venue for Cherry Hill's Miller Act bond claim is in the United States District Court for the District of Columbia.

Under 28 U.S.C. § 1441 (a) (emphasis added), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, <u>to the district court of the United States for the district and division embracing the place where such action is pending</u>." Here, because Cherry Hill brought suit in the Circuit Court for Montgomery County, Maryland, this case had to be first be removed to the United States District Court for the District of Maryland (see Grunley-Walsh's previously filed Notice of Removal) and then transferred to the United States District Court for the District of Columbia through this Motion to Transfer.

Furthermore, pursuant to 28 U.S.C. § 1441 (c) and 28 U.S.C. § 1367, Cherry Hill's Complaint in its entirety should be transferred to the United States District Court for the District of Columbia, including its state law claims for breach of contract, quantum meruit, and unjust enrichment. 28 U.S.C. § 1441 (c) ("Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or in its discretion, may remand all matters in which State law predominates."); 28 U.S.C. §

4

1367 ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form party of the same case or controversy").

Because all of Cherry Hill's claims relate to the same Subcontract, the same work, and the same witnesses and documents, with the only variation being the theory of recovery, all of Cherry Hill's claims brought in its Complaint involve the same case or controversy. Thus, under 28 U.S.C. § 1367, the federal court with jurisdiction over Cherry Hill's Miller Act Payment Bond claim should also adjudicate Cherry Hill's state law claims under the Court's supplemental jurisdiction. *Miller Equipment Co. v. Colonial Steel and Iron Co.*, 383 F.2d 669, 674 (4th Cir. 1967 ) (finding the contractor's breach of contract claims turned on the same proof of its Miller Act claim and the doctrine of pendent jurisdiction would permit the breach of contract case to proceed in federal court).

## CONCLUSION

Based on the foregoing, this Court should transfer Cherry Hill's case to the United States District Court for the District of Columbia

       Respectfully submitted,


       /s/ Nicole L. Campbell
      Nicole Lefcourt Campbell
      Federal Bar No. 14336
      Huddles Jones Sorteberg & Dachille, P.C.
      10211 Wincopin Circle, Suite 200
      Columbia, Maryland 21044
      (301) 621-4120 (Telephone)
      (301) 621-4473 (Facsimile)
      campbell@hjpc.com

      Attorneys for Defendants,
      Grunley-Walsh, LLC (formerly known as
      Grunley-Walsh Joint Venture, LLC),
      St. Paul Fire and Marine Insurance Company and
      The Continental Insurance Company