**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DISTRICT**

| | | |
|---|---|---|
| CHERRY HILL CONSTRUCTION, INC., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. AW-07-3476 |
| GRUNLEY-WALSH JOINT VENTURE, LLC, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

Plaintiff Cherry Hill Construction, Inc. ("Cherry Hill" or "Plaintiff") brings this breach of contract action against Defendants Grunley-Walsh Joint Ventures, LLC ("Grunley-Walsh"), St. Paul Fire and Marine Insurance Company ("St. Paul"), and Continental Insurance Company ("Continental") (collectively "Defendants"). Specifically, Plaintiff alleges breach of contract, quantum meruit, and unjust enrichment against Defendant Grunley-Walsh (Counts I, II, and III, respectively), and breach of payment bond (Count IV) against all Defendants, seeking $1,351,098 in damages plus interest. Currently pending before the Court is Defendants' Motion for Change of Venue (Docket No. 10). Plaintiff has not responded to Defendants' Motion, and the time for Plaintiff's opposition has expired, thus making the motion ripe for review. The Court has reviewed the entire record, as well as the pleadings, with respect to the instant motion and finds that no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated more fully below, the Court will GRANT Defendants' Motion to Change Venue.

## FACTUAL AND PROCEDURAL BACKGROUND

On or about May 6, 1998, Defendant Grunley-Walsh was awarded an Indefinite Quantity Contract (the "Contract")[1] by the United States, acting by and through the Department of the Interior – National Park Service – to stabilize and preserve the Washington Monument ("the Project"). On or about December 5, 2003, Grunley-Walsh was issued Task Order No. 35,[2] which required it to construct and install an above-ground security barrier system at the Washington Monument. On or about March 4, 2004, Grunley-Walsh entered into a Subcontract Agreement (the "Subcontract") with Plaintiff to perform various construction work, including site work, concrete work, surveying, and bollard installation at the project site.

Pursuant to 40 U.S.C. § 3131 (the "Miller Act"), Grunley-Walsh was required to secure a payment bond for labor and materials furnished for use in the performance of the contract, in accordance with the Miller Act. The payment bond was issued by St. Paul and Continental as sureties.[3] Plaintiff completed the subcontract work at the project in December 2006, which has been accepted and approved by Grunley-Walsh. The original subcontract value was $6,054,859.00. There were several change orders that Plaintiff was required to perform, in addition to numerous items of changed work, totaling $1,600,242.00, which increased the value of the contract amount to $7,655,101.00. To date, Grunley-Walsh has remitted payments to Plaintiff totaling $6,304,003.00. Plaintiff has made repeated attempts to Defendants for payment of the outstanding

---

[1] Contract No. 1443CX305998901.

[2] Task Order No. T3059989135.

[3] Payment Bond No. 400SU1001/929310622. The reference instruction on page 2 of the payment identified this bond as a Miller Act bond – "This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C. 270a-270c)." The Miller Act has now been recodified in 40 U.S.C. § 3131, *et seq.*

balance on the subcontract. On November 27, 2007, Plaintiff filed suit against Defendants for breach of contract and related claims in the Circuit Court for Montgomery County, Maryland, which was later removed by Defendants to this Court on December 28, 2007.

## ANALYSIS

According to the statute, a civil action brought under the Miller Act "must be brought – (A) in the name of the United States for the use of the person bringing the action; and (B) in the United States District Court for any district in which the contract was to be performed and executed, regardless of the amount in controversy." 40 U.S.C. § 3133(b)(3). This provision has been construed to give federal district courts exclusive jurisdiction over claims involving Miller Act bonds. *U.S. for Pittman Mechanical Contractors, Inc. v. Irvine & Assoc., Inc.*, 645 F.Supp. 845, 848 (E.D. Va. 1986) ("Jurisdiction of claims pursued under the Miller Act rests exclusively with the federal courts."); *see also U.S. for Use and Benefit of Bernard Lumber Co., Inc. v. Lanier-Gervais Corp.*, 896 F.2d 162, 169 n. 13 (5th Cir. 1990).

Since Plaintiff brings a Miller Act claim in Count IV of its complaint, the federal courts have exclusive jurisdiction over that claim. *Pittman*, 645 F.Supp. at 845. Plaintiff, as a "subcontractor who furnished labor or material in carrying out work provided for in a contract," has a general right to bring suit on the payment bond for any unpaid amounts. *See* 40 U.S.C. § 3133(b)(1). All of the project work under the contract and the subcontract was to be performed and executed in the District of Columbia. The statute is very clear as to the exact venue in which a case under the Miller Act is brought. As a result, the District of Columbia, and not Maryland, is the proper venue for Plaintiff's Miller Act claims.

Additionally, pursuant to 28 U.S.C. §1404(a), a district court may transfer any civil action

to any other district or division where it might have been brought, for the convenience of the parties and witnesses and in the interest of justice. Also, a district Court may transfer a case to any district or division in which it could have been brought if the case has been filed in the wrong district or division. 28 U.S.C. § 1406(a). As the District of Columbia is the proper venue for Plaintiff's Miller Act claims, the Court will transfer this case to that district.

Moreover, under a federal court's pendant jurisdiction, the court will have jurisdiction over all other claims that are related and that form part of the same case or controversy. *See* 28 U.S.C. § 1367. Plaintiff brings additional state law claims – breach of contract, unjust enrichment, and quantum meruit – which relate to the same subcontract and are part of the same case and controversy. Thus, under the Court's pendant jurisdiction, the federal district court with jurisdiction over the Miller Act claim can also adjudicate the related state law contract claims. *See* 28 U.S.C. 1367; *Miller Equipment Co. v. Colonia Steel and Iron Co.*, 383 F.2d 669, 674 (4th Cir. 1967) (finding that pendant jurisdiction allowed Court to hear state law contract claims in Miller Act proceeding).

## CONCLUSION

Because the specific provision of the Miller Act dictates the venue for a party to bring a civil action under the Miller Act, the Court will GRANT Defendants' Motion to Change Venue and transfer this case to the correct forum. The only proper venue for this case is the United States District Court for the District of Columbia – where the contract was performed and executed.

|   March 20, 2008   | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |