IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CHERRY HILL CONSTRUCTION, INC.** | * | |
| **Plaintiff,** | * | |
| v. | * | CASE NO. 1:08-cv-00582-RWR |
| **GRUNLEY-WALSH JOINT VENTURE, LLC,** *et al.* | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **ANSWER**

Defendants, Grunley-Walsh, LLC ("Grunley-Walsh") (previously Grunley-Walsh Joint Venture, LLC), St. Paul Fire and Marine Insurance Company ("St. Paul"), and The Continental Insurance Company ("Continental") jointly file this Answer to the Complaint filed by Plaintiff Cherry Hill Construction, Inc. ("Cherry Hill") and states the following (paragraph numbers correspond to like numbered paragraphs in the Complaint):

1. Defendants are without sufficient information to admit the allegations of Paragraph 1, and therefore must deny the same.

2. Denies.  Grunley-Walsh Joint Venture, LLC was the previous name of Grunley-Walsh, LLC.  Grunely-Walsh has a knew address of 1803 Research Blvd., Suite 101, Rockville, Maryland 20850.  Grunley-Walsh is a Maryland limited liability company.

3. Admits.

4. Admits.

5. Admits in part and denies in part based on the following facts: On May 6, 1998, the United States, acting by and through the Department of the Interior – National Park Service, awarded Grunley-Walsh an Indefinite Quantity Contract (Contract No. 1443CX305998901) (the "Contract") to stabilize and preserve the Washington Monument (the "Project"). In accordance with the Contract, on December 5, 2003, Grunley-Walsh was issued Task Order No. T3059989135 ("Task Order No. 35"). Pursuant to Task Order No. 35, Grunley-Walsh was to construct and install an above ground security barrier system at the Washington Monument.

6. Admits.

7. Admits that on or about March 4, 2004, Cherry Hill entered into a Subcontract with Grunley-Walsh to perform work on the Project and that the subcontract sum was $6,054,859 (the "Subcontract"). Grunley-Walsh denies the remainder of Paragraph 7 because the Subcontract speaks for itself and sets forth the express terms and obligations of the parties. Grunley-Walsh denies any mischaracterizations of the parties' written Subcontract.

8. Admits.

9. Denies.

10. Denies.

11. Denies.

12. Admits that Grunely-Walsh has paid Cherry Hill $6,304,002. Denies the remainder of Paragraph 12.

13. Admits Cherry Hill has requested additional payment. Denies the remainder of Paragraph 13.

14. Admits Cherry Hill sent the referenced September 21, 2007 letter and that a copy of the letter is attached to the Complaint as Exhibit E. Denies the remainder of Paragraph 14.

15. Paragraph 15 does not require a response as it simply incorporates the previous factual allegations in the Complaint. Defendants similarly incorporate by reference their prior responses.

16. Denies. The Subcontract speaks for itself and sets forth the payment terms of the parties' agreement. The allegations in Paragraph 16 do not properly or completely summarize the payment terms as set forth in the Subcontract.

17. Denies.

18. Denies.

19. Paragraph 19 does not require a response as it simply incorporates the previous factual allegations in the Complaint. Defendants similarly incorporate by reference their prior responses.

20. Denies. Cherry Hill provided labor and materials to the Project pursuant to its subcontract with Grunley-Walsh, not pursuant to an implied in fact contract. The parties' obligations are governed by the subcontract.

21. Denies. Cherry Hill provided work to the Project pursuant to its subcontract with Grunley-Walsh, not pursuant to an implied in fact contract. The parties' obligations are governed by the subcontract.

22. Denies. Cherry Hill provided work to the Project pursuant to its subcontract with Grunley-Walsh, not pursuant to an implied in fact contract. The parties' obligations are governed by the subcontract.

23. Denies.

24. Paragraph 24 does not require a response as it simply incorporates the previous factual allegations in the Complaint. Defendants similarly incorporate by reference their prior responses.

25. Denies. Cherry Hill provided work to the Project pursuant to its subcontract with Grunley-Walsh, not pursuant to a quasi-contract. The parties' obligations are governed by the subcontract.

26. Denies. Cherry Hill provided work to the Project pursuant to its subcontract with Grunley-Walsh, not pursuant to a quasi-contract. The parties' obligations are governed by the subcontract.

27. Denies. Cherry Hill provided work to the Project pursuant to its subcontract with Grunley-Walsh, not pursuant to a quasi-contract. The parties' obligations are governed by the subcontract.

28. Denies. Cherry Hill provided work to the Project pursuant to its subcontract with Grunley-Walsh, not pursuant to a quasi-contract. The parties' obligations are governed by the subcontract.

29. Denies.

30. Paragraph 30 does not require a response as it simply incorporates the previous factual allegations in the Complaint. Defendants similarly incorporate by reference their prior responses.

31. Admits.

32. Denies.

33. Denies.

34. Denies.

## **AFFIRMATIVE DEFENSES**

1. Defendants generally deny the allegations of the Complaint unless specifically admitted above, and further deny Cherry Hill is entitled to a judgment and the relief requested.

2. The Complaint fails to state a claim upon which relief can be granted.

3. The Complaint, in whole or in part, is barred by payment.

4. The Complaint, in whole or in part, is barred by accord, satisfaction and/or release.

5. The Complaint, in whole or in part, is barred by laches, waiver and/or estoppel.

6. The Complaint, in whole or in part, is barred by setoff and/or recoupement, including but not limited to Defendant's backcharges as well as charges assessed by the Owner for liquidated damages, incomplete work and negligent/deficient work.

7. The Complaint is barred, in whole or in part, by its own breaches of contract and inequitable conduct.

8. Cherry Hill has failed to satisfy or demonstrate satisfaction of any necessary conditions precedent either to the bringing of this litigation or entitlement to the amounts sought.

9. The counts for quantum meruit and unjust enrichment (Counts II and III) are barred by the existence of an express written contract between the parties.

10. Cherry Hill has failed to mitigate its damages.

11. Count IV of the Complaint is barred by the one year statute of limitations set forth in the Miller Act.

12. The damages sought in Count IV of the Complaint are barred in whole or in part by the payment bond sued upon and/or the provisions of the Miller Act.

**WHEREFORE** Defendant Grunley-Walsh, LLC prays that Plaintiff Cherry Hill Construction, Inc.'s Complaint be dismissed with prejudice and that the Court enter judgment in favor of the Defendant.

Respectfully submitted,

    /s/ Nicole Lefcourt Campbell
Nicole Lefcourt Campbell
Federal Bar No. 14336
Huddles Jones Sorteberg & Dachille, P.C.
10211 Wincopin Circle, Suite 200
Columbia, Maryland 21044
(301) 621-4120 (Telephone)
(301) 621-4473 (Facsimile)
campbell@hjpc.com

Attorneys for Defendants,
Grunley-Walsh, LLC (formerly known as
Grunley-Walsh Joint Venture, LLC),
St. Paul Fire and Marine Insurance Company and
The Continental Insurance Company

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 2nd day of April, 2008, a copy of the foregoing Answer was mailed, postage prepaid, to:

        Joseph C. Kovars, Esquire
        Jay Bernstein, Esquire
        Ober, Kaler, Grimes & Shirver
        A Professional Corporation
        120 E. Baltimore Street
        Baltimore, MD  21202-1643
        (410) 685-1120 (Phone)
        (410) 547-0699 (Facsimile)

                          /s/ Nicole Lefcourt Campbell
                        Nicole Lefcourt Campbell